# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| JIPING RIZK, | : |
| | : Case No. 2:18-cv-00575 |
| Plaintiff, | : |
| | : CHIEF JUDGE ALGENON L. MARBLEY |
| v. | : |
| | : Magistrate Judge Jolson |
| DEPARTMENT OF DFAS, | : |
| | : |
| Defendants. | : |

## OPINION AND ORDER

### I. INTRODUCTION

This matter is before the Court on Defendant Department of DFAS's Motion to Dismiss. (Doc. 17.) The Motion is ripe for review and the Court will resolve the matter without a hearing. For the reasons set forth below, the Court **GRANTS** Defendant's Motion [#17].

### II. BACKGROUND

Plaintiff Jiping Rizk is a naturalized United States citizen of Chinese national origin. (Doc. 5 at 1-2.) For over five years, she worked for the United States Department of Defense, Finance, and Accounting Service. (*Id.* at 2.) In this job, Plaintiff was required to obtain and maintain a special security clearance. (*Id.*)

On or about August 10, 2013, Plaintiff was informed that her security clearance was being revoked. (*Id.*) The reason for the revocation was that Plaintiff, on her security clearance application, had failed to disclose that she visited China, a foreign country, within the past seven years. (*Id.* at 3.) At the time, Plaintiff did not consider China to be a foreign country because that is where she was born. (*Id.*) Given that Plaintiff lost her security clearance, however, her employment was eventually terminated. (*Id.* at 4.)

Plaintiff maintains that she was not attempting to defraud the Government. (*Id.* at 4.) Moreover, Plaintiff claims that there was no justifiable reason to revoke her security clearance this far into her employment. (*Id.*) Accordingly, Plaintiff has brought this suit against Defendant asserting a violation of the Civil Service Reform Act of 1978. (*Id.* at 5.) Plaintiff contends that, under this statute, she could only be terminated upon a showing of advanced cause. (*Id.*)

### III. STANDARD OF REVIEW

When evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for a failure to state a claim upon which relief may be granted, "[a]ll factual allegations in the complaint must be presumed true, and reasonable inferences must be made in favor of the non-moving party." *Mitchell v. BMI Fed. Credit Union*, 374 F. Supp. 3d 664 (S.D. Ohio 2019) (quoting *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008)). The Court, however, does not have to "accept unwarranted factual inferences." *Id.* (quoting *Total Benefits*, 552 F.3d at 434). A complaint "must state more than a bare assertion of legal conclusions to survive a motion to dismiss." *Id.* (internal quotations and citations omitted). Indeed, "[a] plaintiff's [f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* (internal quotations and citations omitted).

### IV. ANALYSIS

Defendant has moved to dismiss Plaintiff's Complaint on two grounds: (1) a failure to state a claim upon which relief can be granted; and (2) a failure to exhaust administrative remedies. The Court need not reach the latter ground to resolve this matter.

Executive decisions regarding security clearances are generally immune from judicial scrutiny. *See Dep't of Navy v. Egan*, 484 U.S. 518, 529-30 (1988). The reason being that "the protection of classified information must be committed to the broad discretion of the agency

responsible" and "it is not reasonably possible for an outside nonexpert body to review the substance of such a judgment" or "determine what constitutes an acceptable margin of error in assessing the potential risk." *Id.* at 529; *see Oryszak v. Sullivan*, 576 F.3d 522, 526 (D.C. Cir. 2009) ("Therefore, following the lead of the Supreme Court, we have consistently held that because the authority to issue a security clearance is a discretionary function of the Executive Branch, actions based upon denial of security clearance are committed to agency discretion by law, at least where a constitutional claim in not properly presented."). The Sixth Circuit, however, has carved out two exceptions where judicial review may be appropriate: (1) where the plaintiff alleges a violation of constitutional rights; or (2) where the agency violates its own regulations in the process of revoking a security clearance. *See Tenenbaum v. Caldera*, 45 F. App'x 416, 418 (6th Cir. 2002).

Here, Plaintiff has not alleged that her constitutional rights were violated or that Defendant failed to follow its own regulations in the process of revoking her security clearance. Accordingly, she has not availed herself of the exceptions recognized in *Tenenbaum*. *See id.* It follows, Plaintiff has failed to state a claim upon which relief can be granted.

## V. CONCLUSION

For the reasons stated herein, the Court **GRANTS** Defendant's Motion to Dismiss [#17]. Plaintiff's Complaint is hereby **DISMISSED WITH PREJUDICE**. This matter is now closed.

**IT IS SO ORDERED.**


 /s/ Algenon L. Marbley
**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: October 8, 2019**

3